## Kingsbury *et al. versus* Kimball *et al.*

A commission to take depositions was issued to A. or B. and C. as joint commissioners; it was subsequently agreed that the depositions should be taken before B. and D. as joint commissioners: *held,* that the commission was not properly executed by A. and D., and that the depositions taken under it were inadmissible.

The entire testimony of a witness taken under a commission, is not to be rejected, because his answer to one of the interrogatories is not germane to the prior interrogatories and answers.

ERROR to the Common Pleas of *Warren county.*

This was an action of *assumpsit* by Kimball, Wells & Co. against Kingsbury & Brown, on a promissory note for $400.

The plaintiffs issued a commission to take the depositions of witnesses at Westfield, Chautauque county, New York, directed to Watson S. Hinkley or John G. Hinkley, or either of them, named by the plaintiffs, and Austin Smith, joint commissioner, named on the part of the defendants.

It was subsequently agreed between the parties, that A. Dixon should be substituted in place of Austin Smith, as a joint commissioner with Watson S. Hinkley.

The commission was returned executed by John G. Hinkley and A. Dixon; and, on the trial, the defendants objected to the reading of the depositions in evidence. The court, however, overruled the objection, and the defendants excepted.

The defendants also objected to the reading of the answer of Samuel Lilly to the 4th interrogatory, because it was not germane to the prior interrogatories and answers. The court

[Kingsbury *et. al. v.* Kimball *et al.*]

rejected the answer to the 4th interrogatory, but admitted the rest of the deposition, to which the defendants excepted.

There was a verdict and judgment for the plaintiffs for $384.71, whereupon the defendants sued out this writ, and here assigned for error, the admission of the evidence mentioned in their bills of exception.

*R. Brown,* for the plaintiffs in error, cited Armstrong *v.* Brown, 1 *W. C. C. R.* 43; Munns *v.* Dupont, 3 *Id.* 31; Guppy *v.* Brown, 4 *Dall.* 410; Willings *v.* Consequa, 1 *Pet. C. C. R.* 309; Banert *v.* Day, 3 *W. C. C. R.* 243.

*C. B. Curtis,* for the defendants in error, cited Pennock *v.* Freeman, 1 *Watts* 410; 4 *W. C. C. R.* 715.

The opinion of the court was delivered by

STRONG, J.—The commission was joint. It empowered John G. Hinckley or Watson Hinckley, and Austin Smith, to take the deposition. Under the commission, no others had a right to take it. But it was taken, and returned by John G. Hinckley and Abraham Dixon. This was not in accordance with the commission. That designated Austin Smith, and either John G. Hinckley or Watson Hinckley, jointly with him. Looking to the commission then, John G. Hinckley and Abraham Dixon had no authority.

Nor does the subsequent agreement of the parties help the matter, or cure the error. The deposition was not taken either in accordance with the agreement, or the commission. The agreement was, that Abraham Dixon and Watson Hinckley should be joint commissioners. But the deposition was not taken by them. There was error, therefore, in receiving it. It was indispensable, that it should have been taken under the commission, or under the agreement. It was taken under neither.

We see nothing in the other error assigned.

Judgment reversed, and a *venire de novo* awarded.